In re FAULHABER STABLE CO.

(Circuit Court of Appeals, Second Circuit. April 14, 1909.)

No. 248.

BANKRUPTCY (§ 188*)—LIENS—EQUITABLE ASSIGNMENT.

An auctioneer, employed by a stable company to sell its property, who made an advance to the company, taking a receipt which authorized him to deduct the amount from the proceeds of the property when sold, acquired thereby no lien which entitled him to priority over other creditors, on the bankruptcy of the company before the time for sale arrived; the bankrupt having retained possession of the property.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 188.*]

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York, in Bankruptcy.

Thomas & Oppenheimer (Leo Oppenheimer, of counsel), for petitioner.

A. H. Skillin, for respondent.

Before LACOMBE, COXE, and WARD, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WARD, Circuit Judge. This is a petition to review an order of the District Judge confirming the report of a referee to the effect that the petitioner was not entitled to priority over general creditors in respect to an advance of $2,276.70 made to the bankrupt. The petitioner is, inter alia, an auctioneer of horses, carriages, etc. The Faulhaber Stable Company, being the owner of the contents of a stable, arranged March 18, 1907, with the petitioner to sell the same at public auction in the first week of April. On the same day the petitioner advanced to the stable company the sum of $2,000 in accordance with the custom of auctioneers of this character and received the following receipt:

"New York, March 18, 1907.

"Received from Fiss, Doerr & Carroll Horse Company the sum of $2,000. advanced by it on account of the above sale, and the Fiss, Doerr & Carroll Horse Company is herewith authorized to deduct said sum from the proceeds of the above sale."

The petitioner also spent $276.70 in advertising the sale. There was no change of possession whatever of the chattels; the stable company continuing to use them as before in its business and not intending to deliver them to the petitioner until the day before the sale. March 30th a petition in bankruptcy was filed against the stable company and a receiver appointed, who took possession April 1st. The stable company was adjudicated a bankrupt April 6th and the receiver and trustee continued the business until November 12th, when he sold the contents of the stable through another auctioneer.

It is quite plain that the petitioner had no right in the chattels as pledgee, because there was no change of possession, nor as mortgagee, because no mortgage was filed, as is required by section 90 of the lien law (chapter 418, p. 536, Laws N. Y. 1897), regulating chattel mortgages. Nor had it any equitable lien on the actual proceeds of sale. If the authority given in the receipt to the petitioner to deduct the advances from the proceeds of sale could be construed as an assignment cognizable in equity, rather than as a promise to pay to be enforced at law, still no such fund ever came into existence. The actual sale was made six months later by order of a different person, viz., the trustee, through another auctioneer. If it were within the power of a court of equity to impress the proceeds of sale inter partes with an equitable lien, such a power would not be exercised to the prejudice of creditors. In bankruptcy, equality is equity.

These objections are fundamental, and dispose of the petitioner's claim to priority, so that there is no need to consider the other reasons given by the referee and the District Judge for arriving at the same conclusion.

The order of the District Court is affirmed.